**Opinion issued April 16, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00482-CR

————————————

**NICHOLAS DARRIS MARSHALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 93742-CR**

---

## MEMORANDUM OPINION

Appellant Nicholas Darris Marshall appeals his conviction for possession of between 4 and 200 grams of methamphetamine. *See* TEX. HEALTH & SAFETY CODE §§ 481.102(6), 481.115(d). Marshall pleaded guilty and in exchange for the plea, the State agreed to waive two enhancement paragraphs in the indictment. The trial

court sentenced Marshall to 12 years' imprisonment. On appeal, he contends that his sentence was grossly disproportionate to the offense committed. We affirm.

## Background

Marshall was pulled over by law enforcement during a traffic stop. Law enforcement discovered there was an outstanding warrant for Marshall's arrest. As part of the arrest, Marshall's vehicle was inventoried, and during the inventory, officers detected the odor of marijuana. A search of Marshall's car revealed a marijuana joint in the driver's door pocket and various prescription pill bottles in the center console. Officers recovered a box in the back seat with plastic bags of controlled substances in street-level packaging. Officers also discovered a bag containing a significant amount of marijuana on the back floorboard and a baby bottle filled with purple liquid, which the officer identified as codeine.

Crime lab analysis determined that the various pills and liquid found in Marshall's vehicle contained a mixture of methamphetamine and caffeine with a total weight of 4.25 grams. Further testing determined that the sample contained 2.1152 grams of methamphetamine.

Marshall pleaded guilty and proceeded to a sentencing hearing. Two officers who conducted the traffic stop and assisted searching Marshall's vehicle testified at the hearing. A crime lab analyst testified to the amount of methamphetamine recovered from the car. Two of Marshall's older sisters, Marshall's uncle, and

Marshall also testified. Marshall testified that he had taken the methamphetamine pills from his girlfriend after they got in a fight. He did not want her to abuse them, and he forgot the pills were in his car. At the conclusion of the hearing, the trial court sentenced Marshall to 12 years' imprisonment.

## Proportionality of Sentence

In a single issue, Marshall argues that his sentence violates the Eighth Amendment's prohibition against grossly disproportionate sentences. He argues that the trial court should have sentenced him to a two-to-five-year prison term after taking into account the length of time since his last felony conviction, the number of days he spent incarcerated awaiting trial, his guilty plea and acceptance of responsibility, and the circumstances under which he testified the drugs were in his car.

### A. Marshall did not preserve his Eighth Amendment complaint for our review.

Preliminarily, the State asserts that Marshall did not preserve this error for our review because he did not make a timely objection when the sentence was imposed during the punishment hearing or in a motion for new trial. To preserve for appellate review a complaint that a sentence is grossly disproportionate constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the

ruling. *Noland v. State*, 264 S.W.3d 144, 152 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (citing TEX. R. APP. P. 33.1(a)).

Marshall did not raise an Eighth Amendment objection or argue that his sentence was grossly disproportionate during the punishment hearing or in a motion for new trial. While Marshall filed a "Motion for Reconsideration or Reduction of Sentence," that motion did not argue a constitutional violation or alert the court to his complaint about the proportionality of his sentence.[1] Rule 33.1 does not require that an objection be made in "hyper-technical or formalistic" language, but the objecting party must still "let the trial judge know what he wants, why he thinks he is entitled to it, and . . . do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). Marshall has not preserved for our review his complaint that his punishment violates the Eighth Amendment.

**B.** **Even if preserved, Marshall would not prevail on his Eighth Amendment challenge.**

Even assuming Marshall had preserved the issue for our review, we conclude that his sentence is not grossly disproportionate to the offense. A

---

[1] The motion asked the trial court to reconsider punishment, arguing that "society [would] be adequately protected" and he would "still be punished" if the court reconsidered and assessed a sentence less than 12 years' imprisonment. Marshall asked the court to place him on probation.

successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *State v. Simpson*, 488 S.W.3d 318, 322–23 (citing *Lockyer v. Andrade*, 583 U.S. 63, 73 (2003)). Punishment is generally not considered to be violative of the Eighth Amendment if the imposed sentence falls within the statutory range of punishment for the offense for which the defendant was convicted. *Simpson*, 488 S.W.3d at 323; *Toledo v. State*, 519 S.W.3d 273, 286 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

Beyond the statutory range, to determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, we consider the severity of the sentence in light of the harm caused to the victim and the defendant's culpability, together with any prior offenses. *Simpson*, 488 S.W.3d at 323. In the exceptional case in which this threshold comparison supports an inference of gross disproportionality, we compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and those imposed for the same crime in other jurisdictions. *Id.* If this analysis validates an initial judgment that the sentence is grossly disproportionate, then the sentence is cruel and unusual. *Id.*

In *Simpson*, the statutory range for the defendant's second-degree felony robbery conviction was 5 to 99 years. *Simpson*, 488 S.W.3d at 323. The defendant appealed his 25-year sentence on Eighth Amendment grounds. *Id.* Because the

5

sentence "fell well within the statutory range," the Court of Criminal Appeals did not compare the sentence to other sentences; rather, the Court concluded that the sentence was not grossly disproportionate and did not cross the threshold requirement for a comparative examination of sentences meted out in other cases. *Id.*

Similarly, Marshall's 12-year sentence is well within the statutory range, and the trial court heard evidence which it could consider in assessing his culpability.[2] Assuming the Eighth Amendment issue had been preserved for our review, Marshall did not meet the threshold for a comparative review of sentencing in similar cases, and the sentence in this case is not grossly disproportionate.

We overrule Marshall's sole issue on appeal.

---

[2] Because the State waived the enhancement paragraphs in the indictment in exchange for Marshall's guilty plea, the punishment range for the second-degree felony was 2 to 20 years' imprisonment and a fine not exceeding $10,000. *See* TEX. PENAL CODE § 12.33.

## Conclusion

We affirm the trial court's judgment.

Susanna Dokupil
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).